# Order

**Michigan Supreme Court**
**Lansing, Michigan**

February 1, 2008

135038

PEOPLE OF THE STATE OF MICHIGAN,
      Plaintiff-Appellee,

v

TONY LEE HARTMAN,
      Defendant-Appellant.

_____/

Clifford W. Taylor,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman,
Justices

SC: 135038
COA: 279313
St. Joseph CC: 06-013606-FH

On order of the Court, the application for leave to appeal the August 20, 2007 order of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

MARKMAN, J., dissents and states as follows:

Defendant pleaded guilty of three counts of making child sexually abusive material. The factual basis for this guilty plea was defendant's admission that he *downloaded* child sexually abusive material from the Internet and saved it to a flash drive. MCL 750.145c(2) provides, in pertinent part, "A person who . . . produces, makes or finances . . . child sexually abusive material is guilty of a felony." I question whether defendant's admission constitutes a sufficient factual basis to support a guilty plea to a charge of "producing or making" child sexually abusive material. While such admission is clearly sufficient to establish the "possession" of such material, it is less clear that it is sufficient to establish the "producing or making" of such material.

As in *People v Hill,* 477 Mich 897 (2006), I would grant leave to appeal to determine: (a) whether the reasonable meaning of MCL 750.145c(2) is to punish those who create or originate child sexually abusive material; (b) whether the majority's interpretation essentially renders nugatory the prohibition in MCL 750.145c(4) concerning the "possession" of child sexually abusive materials, imposing the same penalty on a person who downloads such material as on a person who actually entices the child to pose and who thereby creates or originates the material; and (c) whether the majority's interpretation of "makes or produces" has legal consequences in other digital

contexts. For example, does a person who downloads a pirated movie from the Internet "make or produce" this movie and would such person be subject to the same penalty as a person who originally pirated the movie and placed it on the Internet? Does a person who downloads a pirated song from the Internet "make or produce" this song and would such person be subject to the same penalty as a person who originally pirated the song and made it available on the Internet? Does a person who downloads a defamatory article from the Internet "make or produce" this article and would such person be subject to the same penalty as an original publisher of the defamation?

There is a substantial question whether the Legislature in MCL 750.145c(2) intended to punish a person who downloads pornographic images of children from the Internet and then places or burns these onto a flash drive or compact disc for personal use the same as a person who coerces children into posing for sexual activities in order to create pornographic images. Moreover, there are significant legal implications arising from this question for other forms of Internet use.

CAVANAGH and KELLY, JJ., join the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

February 1, 2008

_Corbin R. Davis_
Clerk

d0129